# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 18-11045

————————

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2019

Lyle W. Cayce
Clerk

JAMES DURHAM,

Plaintiff-Appellant

v.

WALMART, INCORPORATED,

Defendant-Appellee

———————————

JAMES DURHAM,

Plaintiff-Appellant

v.

MACY'S, INCORPORATED,

Defendant-Appellee

————————————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CV-368
USDC No. 4:18-CV-372

————————————

No. 18-11045

Before SOUTHWICK, HAYNES, and HO, Circuit Judges.

PER CURIAM:[*]

James Durham, whose Texas prisoner number is 02194861, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaints. Durham's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

According to Durham, the defendants brought false theft charges against him without evidence and used excessive force to detain him. To state a claim under § 1983, a plaintiff must allege that there was a violation of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under the color of state law. *See Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008). In relevant part, the district court dismissed Durham's complaints because the defendants were not acting under color of state law. Durham's pleadings fail to show that he will present a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, we deny his motion for leave to proceed IFP and dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. His motion for the appointment of counsel also is denied.

The dismissal of this appeal counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Durham is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11045

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION FOR LEAVE TO PROCEED IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.